PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEREMY J. QUINN (#A509127), | ) |
|     Plaintiff, | ) CASE NO. 4:18CV2615 |
|   | ) |
|   | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
|   | ) |
| MR. F. RETORT, *et al.*, | ) **MEMORANDUM OF OPINION** |
|   | ) **AND ORDER** |
|     Defendants. | ) [Resolving ECF No. 4] |

The within matter[1] came on for hearing on the record upon Plaintiff's Motion for a Temporary Restraining Order ("motion") (ECF No. 4). The motion is granted with regard to the empty food tray claim, but denied as to the cell shake down claim.

After notice to the parties, the Court held a Telephonic Hearing on the motion at which Jocelyn Lowe, Staff Counsel for the Ohio Department of Rehabilitation & Correction ("ODRC"), appeared. The Court has been advised, having reviewed the record, Plaintiff's pleadings and motion, Response of The State of Ohio, appearing as an interested party (ECF No. 7), and the applicable law. The Court has also considered the oral arguments of Plaintiff and counsel for The State of Ohio.

Plaintiff moves the Court for equitable relief against Defendants Mr. F. Retort, B. Kilmer, and Justin Griffiths because the prison administration has not stopped the alleged harassment and retaliation against Plaintiff that he has experienced since the filing of the within prisoner civil

---

[1] Plaintiff's case still has to be screened under 28 U.S.C. § 1915A for frivolousness and other defects.

(4:18CV2615)

rights action on November 7, 2018. He argues that Defendants Mr. F. Retort and B. Kilmer are "retaliating by depriving [him] of food on the days they pass out food trays to [him]. They have intentionally given me multiple food trays with no food [on] them." In addition, he states he has filed a complaint, *see* ECF Nos. 4-5 and 4-6, but the prison administrators have failed to do anything. ECF No. 4 at PageID #: 67. In addition, Plaintiff asserts that Defendant Justin Griffiths harasses and retaliates against him by using a cell shake down as a means to destroy Plaintiff's property. Plaintiff has filed a complaint about the cell shake down, *see* ECF Nos. 4-3 and 4-4, but, according to Plaintiff, the prison administrators have not done anything about it. ECF No. 4 at PageID #: 68.

Initially, the Court notes that a claim for prospective injunctive relief may proceed against a state official sued in his/her official capacity. *See Hafer v. Melo*, 502 U.S. 21, 28 (1991).

Four factors are important in determining whether a preliminary injunction is appropriate: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Frisch's Restaurant, Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Am. Family Life Ins. Co. v. Hagan*, 266 F. Supp.2d 682, 687 (N.D. Ohio 2002) (O'Malley, J.). The standard for issuance of a temporary restraining order is identical. *N.E. Ohio Coal. for Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). The test is a flexible one and the factors are not prerequisites to be met, but must be balanced. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). In balancing the four considerations applicable to

2

(4:18CV2615)

temporary restraining order/preliminary injunction decisions, the Court holds that equitable relief is appropriate at this time.

The Court denies equitable relief on the cell shake down claim because it does not have sufficient information at this time. However, the Court cautions Defendant Justin Griffiths and the ODRC that this claim won't go away if cell searches ("shake downs") of Plaintiff are used in a punitive way without any justification reasonably related to a legitimate penological interest.

The Court holds that equitable relief is appropriate on the empty food tray claim. Plaintiff's informal complaint (ECF No. 4-5) alleges that Defendants Mr. F. Retort and B. Kilmer purposely provided him an empty food tray on January 12, 2019. While the Court does not comment at this time on Plaintiff's likelihood of success on the merits of his claims that five employees at the Ohio State Penitentiary violated his First, Fifth, and Eighth Amendment rights, it is constrained to address the State of Ohio's statement that "Plaintiff received food within moments of allegedly receiving an empty food tray." ECF No. 7 at PageID # 85. "Deliberate and unnecessary withholding of food essential to normal health can violate the Eighth Amendment." *Cunningham v. Jones*, 567 F.2d 653, 656, 660 (6th Cir.1977).

According to Defendants, "[t]here is no immediate or irreparable injury that will result because Plaintiff received food within moments of allegedly receiving an empty food tray." ECF No. 7 at PageID # 85. Plaintiff has shown that he will suffer irreparable injury. There is an irreparable injury that results from having food withheld, even if Plaintiff is later given the food that he was initially denied.

(4:18CV2615)

The Court is cognizant of the long-standing precedent that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons. *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). A limited Temporary Restraining Order, however, will not result in substantial harm to the Ohio State Penitentiary Supermax prison.

Lastly, the public interest would be advanced in the issuance of a Temporary Restraining Order.

Accordingly, Plaintiff's Motion for a Temporary Restraining Order (ECF No. 4) is granted only as to his claim that Defendants Mr. F. Retort and B. Kilmer are "retaliating by depriving [him] of food on the days they pass out food trays to [him]. They have intentionally given me multiple food trays with no food [on] them." ECF No. 4 at PageID #: 67. Defendants Mr. F. Retort and B. Kilmer and the ODRC[2] are enjoined from doing anything that interferes with the regular dispensing of food to Plaintiff. There should be no withholding of food trays or dispensing of empty trays to Plaintiff, not even if it means that a supervisor will walk behind the Corrections Officer(s) and give Plaintiff what he should have gotten in the first instance.

On or before Friday, February 15, 2019, at 3:00 p.m., The State of Ohio shall serve and file a Status Update that informs the Court of its investigation of Plaintiff's complaints and

---

[2] The Sixth Circuit has acknowledged that a court may exercise jurisdiction over a non-party in limited circumstances. *In re N.A.A.C.P., Special Contribution Fund*, Nos. 87-3366, 87-3673, 1988 WL 61504, at *4 (6th Cir. June 13, 1988) (citing *United States v. Hall*, 472 F.2d 261, 265 (5th Cir. 1972)).

(4:18CV2615)

suggests next steps, including when the Court should conduct a hearing on Plaintiff's Motion for Preliminary Injunction.[3]

Notice of this filing will be sent to Assistant Attorneys General Byron D. Turner and Thomas E. Madden by operation of the Court's electronic filing system.

The Clerk is directed to issue a copy of this Order by regular mail to Jeremy J. Quinn, #A509127, Ohio State Penitentiary, 878 Coitsville-Hubbard Road, Youngstown, Ohio 44505.


IT IS SO ORDERED.


   February 8, 2019                          /s/ Benita Y. Pearson
Date                                           Benita Y. Pearson
                                                United States District Judge

---

[3] Pursuant to Fed. R. Civ. P. 65(b), temporary restraining orders expire by their own terms within 14 days of their issuance unless the Court, for good cause, extends it for a like period or the adverse party consents to a longer extension.