PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY J. QUINN, | ) | |
| | ) | CASE NO. 4:18CV2615 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| MR. F. RETORT, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 4] |

The within matter came on for hearing on the record upon Plaintiff's Motion for a Preliminary Injunction ("motion") (ECF No. 4). For the reasons stated on the record and those that follow, the motion is denied with regard to both the empty food tray claim and the cell shake down claim.

After notice to the parties, the Court held a hearing on the motion at which Plaintiff Jeremy J. Quinn, Defendants Correction Officers Francis Retort and Brady Kilmer, Lt. Deborah Drummond, and Warden Richard A. Bowen, Jr. testified. The Court has been advised, having reviewed the record, Plaintiff's pleadings and motion, Response (ECF No. 7) and Status Update (ECF No. 10) of The State of Ohio, appearing as an interested party, Plaintiff's Reply to the Status Update (ECF No. 14), and the applicable law. The Court has also considered the oral arguments of Plaintiff and counsel for The State of Ohio.

Plaintiff moves the Court for a preliminary injunction against Correction Officers Retort, Kilmer, and Justin Griffiths because the prison administration has not stopped the alleged

(4:18CV2615)

harassment and retaliation against Plaintiff that he has experienced since the filing of the within prisoner civil rights action on November 7, 2018. He argues that Correction Officers Retort and Kilmer are "retaliating by depriving [him] of food on the days they pass out food trays to [him]. They have intentionally given me multiple food trays with no food [on] them." In addition, he states he has filed a complaint, *see* ECF Nos. 4-5 and 4-6, but the prison administrators have failed to do anything. ECF No. 4 at PageID #: 67.[1] Plaintiff also asserts that Correction Officer Griffiths harasses and retaliates against him by using a cell shake down as a means to destroy Plaintiff's property. Plaintiff has filed a complaint about the cell shake down, *see* ECF Nos. 4-3 and 4-4, but, according to Plaintiff, the prison administrators have not done anything about it. ECF No. 4 at PageID #: 68.

      Initially, the Court notes that a claim for prospective injunctive relief may proceed against a state official sued in his/her official capacity. *See Hafer v. Melo*, 502 U.S. 21, 28 (1991).

      Four factors are important in determining whether a preliminary injunction is appropriate: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Frisch's Restaurant, Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Am. Family Life Ins. Co. v. Hagan*, 266 F. Supp.2d 682, 687 (N.D. Ohio 2002) (O'Malley, J.). The test is a flexible one and the factors are not prerequisites to be met, but must

---

[1] At the motion hearing, Plaintiff enlarged his complaint to include allegations that correction officers will taunt him by saying, "Enjoy my spit" or "Enjoy your food" when distributing a food tray to him that is disheveled.

2

(4:18CV2615)

be balanced.  *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).  In balancing the four considerations applicable to preliminary injunction decisions, the Court holds that equitable relief is no longer necessary.

First, the Court again denies equitable relief on the cell shake down claim because it does not have sufficient information at this time.  However, the Court again cautions Correction Officer Griffiths and the Ohio Department of Rehabilitation & Correction ("ODRC") that this claim won't go away if cell searches ("shake downs") of Plaintiff are used in a punitive way without any justification reasonably related to a legitimate penological interest.  The Court appreciates Warden Bowen's agreement that there is no reason a cell shake down should result in an inmate's tooth brush being in the toilet.

Second, the Court holds that equitable relief is no longer necessary on the empty food tray claim.  Plaintiff's informal complaint (ECF No. 4-5) alleges that Correction Officers Retort and Kilmer purposely provided him an empty food tray on January 12, 2019.  While the Court does not comment at this time on Plaintiff's likelihood of success on the merits of his claims that five employees at the Ohio State Penitentiary ("OSP") violated his First, Fifth, and Eighth Amendment rights, it finds that the actions taken by Warden Bowen since the issuance of the Court's Memorandum of Opinion and Order (ECF No. 8) will significantly reduce, if not fully eliminate, the possibility that an inmate could receive an empty food tray.

"Deliberate and unnecessary withholding of food essential to normal health can violate the Eighth Amendment."  *Cunningham v. Jones*, 567 F.2d 653, 656, 660 (6th Cir.1977).  In *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984), the plaintiff made

3

(4:18CV2615)

a denial of meals claim. Testimony quoted by the Sixth Circuit tended to show a deprivation of a meal by a specific prison official. The Court of Appeals found the testimony presented, when viewed in the light most favorable to the plaintiff, failed to establish that the defendants intentionally or negligently deprived the plaintiff of his meals to the degree that a jury could find an Eighth Amendment violation. *Id.* at 419. In the case at bar, Plaintiff testified on cross-examination that the only time he has received an empty food tray was on January 12, 20119.

According to Defendants, neither Officer Retort nor Officer Kilmer had access to Plaintiff's food tray prior to its arrival on the cell block. Once on the block, all movements of the food containers were recorded. The officers could not know which food tray was going to Plaintiff prior to handing it to him through the cuff-port. Lt. Drummond testified that, in the video recordings from January 12, 2019, she did not observe either officer dump Plaintiff's food tray on that day. Plaintiff received a covered food tray and it could not be observed from reviewing the video whether or not the tray had food on it.

Since learning of Plaintiff's allegations, ODRC, Warden Bowen, and staff at the OSP have taken immediate and significant steps to insure that all inmates receive full food trays. Additionally, regular reminders will be given to OSP and Aramark staff[2] of the importance of providing inmates food and proper food delivery. The Court expects that diligence to continue.

The Court remains cognizant of the long-standing precedent that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons. *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

---

[2] Aramark is the food services contractor for the ODRC.

4

(4:18CV2615)

Accordingly, Plaintiff's Motion for a Preliminary Injunction ([ECF No. 4](#)) is denied.

Notice of this filing will be sent to Assistant Attorneys General Byron D. Turner and Thomas E. Madden by operation of the Court's electronic filing system.

The Clerk is directed to issue a copy of this Order by regular mail to Jeremy J. Quinn, #A509127, Ohio State Penitentiary, 878 Coitsville-Hubbard Road, Youngstown, Ohio 44505.

IT IS SO ORDERED.

| February 22, 2019 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |